# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM S. CORBIN,

    *Petitioner*,

vs.

NORTH LAS VEGAS DETENTION CENTER, *et al.*

    *Respondents*.

2:12-cv-01985-JCM-VCF

ORDER

This prisoner action initiated by a North Las Vegas, Nevada detainee comes before the court for initial review.

Petitioner in essence sought to commence a civil rights action under 42 U.S.C. § 1983 challenging his conditions of confinement on a petition form for a habeas matter under 28 U.S.C. § 2254.

The papers presented are subject to multiple substantial defects.

First, under LSR 3-1 of the court's local rules, petitioner must use the court's required form for an application to proceed *in forma pauperis*. Petitioner presented a mixed assortment of papers in the current application, including some pages from the required form mixed in with pages from other documents. Petitioner instead must use the complete form, and only pages from the form, to apply for pauper status.

Second, petitioner failed to attach the required financial materials with the pauper application. Under 28 U.S.C. § 1915(a)(2) and LSR 1-2 of the local rules, petitioner must attach both an inmate account statement for the past six months and a financial certificate

1  properly executed by an authorized institutional officer.  Petitioner did not attach a copy of his
2  inmate account statement for the past six months.  The financial certificate that he submitted
3  further was not executed by an authorized institutional officer.  Petitioner instead attempted
4  to fill out the portion of the certificate that instead must be filled out by an authorized officer.
5  That is not sufficient.

6  Third, under LSR 1-4 of the local rules, petitioner must use the court's required civil
7  rights complaint form to file a civil rights action.  He may not file a civil rights action on a
8  habeas petition form.

9  Fourth, petitioner failed to name an appropriate defendant.  The North Las Vegas
10 Detention Center is a building, not a juridical entity subject to being sued.  Further, nothing
11 in the allegations, which concern conditions of confinement in the detention facility, state a
12 claim against the state attorney general.

13 Due to these multiple substantial defects, the petition in this improperly-commenced
14 action will be dismissed without prejudice.  Given that the action concerns recent conditions
15 of confinement, it does not appear that a dismissal without prejudice would materially affect
16 the analysis of either the timeliness of a promptly-filed new complaint or other issues therein.

17 IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice.

18 The clerk of court shall SEND petitioner along with this order two copies each of the
19 inmate pauper and civil rights complaint forms, one copy of the instructions for each form, and
20 one copy of the papers that he submitted in this action.

21 The clerk further shall enter final judgment dismissing this action without prejudice.

22 DATED:   November 20, 2012.

_____
JAMES C. MAHAN
United States District Judge